PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RALPHFIELD HUDSON, | ) |
|     Plaintiff, | ) CASE NO. 4:19cv0095 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| MARK WILLIAMS, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
|     Defendants. | ) **AND ORDER** [Resolving ECF No. 3] |

*Pro se* Plaintiff Ralphfield Hudson filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA") against FCI Elkton Warden Mark Williams, FCI Elkton Health Care Administrator Jane Barnes, FCI Elkton Clinical Director John Dunlop, and FCI Elkton Physicians Assistant Elizabeth Choflet. In the Complaint, Plaintiff alleges he did not receive medical treatment that properly addressed or alleviated the his back pain. He seeks monetary relief and daily physical therapy.

## I. Background

Plaintiff contends he was diagnosed with osteoporosis of the lumbar spine in May 2016.[1] He reported to sick call in February 2017 complaining of back pain. Dr. Dunlop prescribed Motrin for pain. A year later, on March 8, 2018, he again reported to sick call and indicated he had exacerbated his back injury. Medical staff prescribed prednisone, and scheduled him for a

---

[1] The order of events described by Plaintiff is confusing. He claims he was injured on May 26, 2016, causing him to sustain osteoporosis. He then alleges he sustained an injury two years later on May 7, 2018. It is not clear whether these are the same injury and Plaintiff mistyped one of the dates, or if Plaintiff sustained two separate injuries.

more thorough exam on the following day. Plaintiff returned to sick call ten days later indicating he was still in pain despite taking the prednisone. He was scheduled for a physician appointment. At that appointment, he was treated by PA Choflet, who ordered x-rays of the lumbar region of his spine and referred him for a consultation with a neurologist. The x-rays were read on April 3, 2018, revealing a chronic compression fracture involving his third lumbar vertebrae, and mild diffuse degeneration of his third, fourth and fifth lumbar vertebrae.

Plaintiff reported to sick call on May 24, 2018, complaining of continued pain in his back and his left buttock. Medical personnel gave him a Ketorolac injection and prescribed prednisone. They also ordered a CT scan of Plaintiff's lumbar spine. Doctors determined that in addition to his other concerns, Plaintiff was suffering from a urinary tract infection and prescribed Siprofloxacin and Acetaminophen. On May 29, 2018, Plaintiff's blood urea nitrogen and his creatinine levels were elevated and he was admitted to a local emergency room. After additional evaluation, he received surgery on the fractured lumbar vertebrae and returned to prison.

Plaintiff claims the Defendants failed to provide him with adequate medical care. He asserts claims for violation of the Eighth and Fifth Amendments under the Federal Tort Claims Act.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is

(4:19cv0095)

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This assessment is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. Law and Analysis

As an initial matter, Plaintiff cannot pursue claims under the Federal Tort Claims Act ("FTCA"). The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless . . . presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Plaintiff does not give any indication that he exhausted his

4

(4:19cv0095)

administrative remedies according to FTCA requirements.

Although Plaintiff did not expressly indicate he intended to proceed with *Bivens*[2] claims, he asserts violations of his Eighth and Fifth Amendment rights. These claims against federal officers would arise, if at all, under *Bivens*.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (*per curiam*) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10

---

[2] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

5

(4:19cv0095)

(requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. *Id.* It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03 2633, 2004 WL 2203585 (6th Cir.

6

Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997)). Furthermore, deliberate indifference requires Plaintiff to demonstrate that the official knew of and disregarded an excessive risk to inmate health or safety. *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A prison physician is not deliberately indifferent simply because he or she could not cure a prisoner's condition. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

Here, Plaintiff alleges he was diagnosed with osteoporosis and complained of back pain as a result of a back injury. Doctors prescribed Motrin and Prednisone, and gave him Ketorolac injections. They scheduled him for exams, ordered x-rays and a CT scan, and referred him to a neurologist. He was admitted to an outside hospital and received surgery. Plaintiff claims the care was inadequate to address his condition but he does not indicate what he believes the doctor could or should have done differently. This appears to be a case in which, despite the efforts of the physicians and nurses, Plaintiff continues to suffer from back pain. There is no suggestion in the Complaint that any of the Defendants was deliberately indifferent to his serious medical needs.

(4:19cv0095)

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e), and Plaintiff's motion for appointment of counsel (ECF No. 3) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| May 20, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |